## KEHOTA MINING CO. v. LEWELLYN, Formerly Collector of Internal Revenue.

## SAME v. HEINER, Collector of Internal Revenue.

Circuit Court of Appeals, Third Circuit. February 18, 1929.

Nos. 3953, 3954.

Hale Hill, Maynard Teall, Smith, Shaw & McClay, W. J. Aiken, Wm. A. Seifert, and Wm. W. Booth, all of Pittsburgh, Pa., for appellant.

John D. Meyer, U. S. Atty., of Pittsburgh, Pa., C. M. Charest, of Washington, D. C., John A. McCann, of Pittsburgh, Pa., and Frank J. Ready, Jr., Sp. Atty., Bureau of Internal Revenue, of Washington, D. C., for appellees.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

WOOLLEY, Circuit Judge. These suits to recover taxes paid under protest concern items allowed for depreciation and depletion of mining properties which the plaintiff says were insufficient and therefore unlawful. There is no oral testimony. The proofs consist of averments in the plaintiff's statement of claim which the defendants either admitted or failed specifically to deny, (Pennsylvania practice), findings of fact, opinion and decision by the Board of Tax Appeals, and a stipulation of the parties as to further facts. The record thus made supports the findings of fact of the learned trial judge, including the finding as to the combined life of the shovels, and his opinion discloses a treatment of the facts in harmony with the regulations promulgated under the statute and with the principles of law announced in United States v. Ludey, 274 U. S. 295, 47 S. Ct. 608, 71 L. Ed. 1054, and New Creek Coal Co. v. Lederer (C. C. A.) 295 F. 433.

We affirm the judgments for the defendants on the facts found and reasoning pursued by the trial judge, with an added observation as to a matter in respect to which he was silent and as to which, therefore, the plaintiff has assigned error. This is a claimed allowance for depreciation on the plaintiff's "investment" of $27,178.52 in houses on its mining properties urged apparently for the first time in these suits. The plaintiff made no deduction for depreciation on the houses either on its books or in its income tax returns and has not disclosed whether the outlay was capital or an operating or business expenditure. Article 224(g) of the Revised Regulation 45. It might be either. If a capitalized outlay whose depreciation is under the law deductible at some time and in some measure, the plaintiff has not shown it and therefore cannot recover it in this action of assumpsit.