## PETIT ANSE CO. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 11427.

Circuit Court of Appeals, Fifth Circuit.
May 9, 1946.

Joseph S. Clark, of Philadelphia, Pa., Marion N. Fisher, of New York City, and Frank McLoughlin, of New Orleans, La., for petitioner.

I. Henry Kutz and Helen R. Carloss, Sp. Assts. to Atty. Gen., Sewall Key, Acting Asst. Atty. Gen., J. P. Wenchel, Chief Counsel, Bur. Int. Rev., and Bernard D. Daniels, Sp. Atty., Bur. Int. Rev., both of Washington, D. C., for appellee.

Before HOLMES, McCORD, and WALLER, Circuit Judges.

WALLER, Circuit Judge.

Two questions are involved in this case: (1) whether or not payments of eight per cent, if and when earned and declared, as provided for in certain "8 percent Registered Non-Cumulative Fifty Year Gold Debentures" were payments of interest on an indebtedness within the meaning of the statutes allowing deduction of same from gross income, or were merely distributions of earnings of the corporation in the nature of dividends; and (2) when a discovery is made in the operation and development of a salt mine that there is a larger number of remaining salt units than had been believed to exist during previous years, which discovery requires a revision of the depletion allowances theretofore agreed upon, would the Tax Court, in the absence of proven fraud, be authorized to adjudge that, as a consequence, the taxpayer was liable for income tax deficiencies and retroactively to disallow depletion taken and allowed during tax years prior to the ascertainment of such larger number of salt units?

■ Whether or not the payments made to the stockholders under the debentures were payments of interest on an indebtedness or mere distribution of earnings to stockholders presents a mixed question of law and fact which decision we do not think is either arbitrary, unsupported, unreasonable, or unallowable, and the holdings of the Tax Court thereon will not be disturbed. Dobson v. Commissioner, 320 U.S. 489, 64 S.Ct. 239, 88 L.Ed. 248.

■ During the hearing on the question of whether or not the deficiencies assessed against the taxpayer on the ground that payments under the debentures were not payments of interest, a witness, an engineer, not an employee of the taxpayer, gave testimony that the deposits of salt were greatly in excess of the amount of deposit which the taxpayer and the Commissioner had agreed upon prior to the tax years involved here. After all of the testimony in the case was in, the Tax Court granted the Commissioner permission to amend his answer so as to ask for an increased deficiency in the amount of $12,411.25, the difference between his former allegedly erroneous allowance of depletion at the rate of approximately thirteen cents per ton and a correct allowance of nine-tenths of one cent per ton, as revealed by testimony taken in the case. On the hearing in regard to the debentures an engineer for the lessee of the taxpayer testified, and the Tax Court held, that the depletion allowance for the taxable years should be recomputed using as a basis the tonnage of salt as estimated by this engineer rather than the basis agreed upon between the Commissioner and the taxpayer prior to the tax years in question.

The statute, 26 U.S.C.A. Int.Rev.Code, § 23(m), which was in effect during the tax years in question, provides: "In any case in which it is ascertained as a result of operations or of development work that the recoverable units are greater or less than the prior estimate thereof, then such prior estimate (but not the basis for depletion) shall be revised and the allowance under this subsection for subsequent taxable years shall be based upon such revised estimate."

Appropriate regulations conform to the statute.

We interpret this statute to mean that the revision for depletion *when discovered* as a result of operations or development work will be only as to the allowance for depletion in subsequent taxable years, and that there would be no retroactive revision

of the depletion allowance for the years before the discovery of the existence of recoverable units in excess of the prior estimate.

The statute provides that the prior estimate shall be revised and the allowance *"for subsequent taxable years* shall be based upon such revised estimate."

In Kehota Mining Company v. Lewellyn, D.C., 28 F.2d 995, 996, affirmed, 3 Cir., 30 F.2d 817, the Court said:

"There is absolutely no authority for going back to the preceding tax years and changing the depletion allowances already deducted.

"The taxpayer is entitled to recover, by way of depletion, the cost of his property. A part of this cost has already been allowed to him in a computation based on the estimated quantity of mineral products in the property. On the making of a new or corrected estimate, thereafter the annual depletion allowance will be computed on the basis of the new estimate, and allowed to the taxpayer, until the entire cost of the property has been recovered by way of depletion allowances."

See also McCahill v. Helvering, 8 Cir., 75 F.2d 725, 728, wherein the Court said: "But where revision is made on account of 'information subsequently obtained,' the government cannot go back into the prior years and recover the excessive deductions, and neither can the taxpayer go back to the years 1929 and 1930, before the error was known, and, by obtaining deductions for those years, upset the basis for depletion as it stood in those years."

The purpose of the allowance of depletion is that the taxpayer may recover the cost of the property being consumed, or may recover his invested capital.

The Judge of the Tax Court—it being a one-judge decision—was evidently not aware that under the law such a revision of the depletion schedule would be prospective only and applicable only to salt taken in subsequent years. We think that this was a clear cut mistake of law.

Counsel for the Commissioner, however, undertake to support the decision on the theory that it was a factual finding. They argue that the taxpayer must have learned before the tax years in question of the later estimate by the engineer of its lessee of the additional amount of economically recoverable units of salt in the mine, and having discovered the existence of salt greatly in excess of the previous estimate before the tax years in question, the revision of the depletion allowance should occur as of the time of the discovery of such excess in the course of operations. There are two answers to this contention, viz.: (1) There is no evidence to support a finding that the taxpayer had discovered it before the tax years, or at any time before trial; and (2) The Judge of the Tax Court never undertook to make any such finding.

The Tax Court is affirmed in its holding that payments under debentures were not payments of interest on indebtedness and reversed on its order for the retroactive reduction of depletion allowances for the tax years in question.

Affirmed in part and reversed in part.